UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT A. ALLEN,

                Plaintiff,

-against-

KEYSHIA COLE (BMG RECORDING ARTIST); LYNN JURICH (CEO OF SUNRUN),

                Defendants.

21-CV-3844 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, asserts claims for appropriation of his ideas and seeks compensation for helping to develop singer Keyshia Cole. He invokes the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. By order dated May 5, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. When Plaintiff was nine years old, he dated Keyshia Cole. While they were dating, Plaintiff "develop[ed] Cole as a R&B singer." (ECF 2, at 6.) During this time, Plaintiff "would train her" while she sang and "would notice certain flaws in her music." (*Id.*) They also wrote lyrics together.

One day when Plaintiff was walking to the grocery store, there were "really no trees at all which made the walk feel like a run to the store." (*Id.* at 6.) Plaintiff "would literally run to the store to shorten the time [he] spent outside." (*Id.* at 6-7.) While looking at the sun during one

such run, Plaintiff came up with the name "SUNRUN."[1] (*Id.* at 7.) Plaintiff provided Cole with the name when he got back to the house. Plaintiff also alleges that he gave Cole the idea for Instagram. (*Id.*)

Plaintiff and his mother moved to many different locations while he was growing up. After suffering memory loss due to multiple concussions sustained while playing football, Plaintiff forgot many of his childhood memories, including his contacts with Cole.

Plaintiff asks "to be compensated" and "given credit" for his ideas. (*Id.* at 8.)

## DISCUSSION

### A. Failure to State a Clam

The Court construes Plaintiff's allegations that he helped develop Cole, created the name SUNRUN, and had the idea for Instagram as seeking relief for copyright infringement. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). To establish copyright infringement, a claimant must show: (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

However, "copyright does not protect an idea, but only the expression of an idea." *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646 (2d Cir. 2000) (citing *Kregos v. Associated Press*, 3

---

[1] SUNRUN appears to be a California-based solar panel company. Defendant Lynn Jurich is the CEO of SUNRUN.

F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any tangible expression of his ideas or that he holds any copyright. The Court therefore dismisses the complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Frivolousness**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claim that, as a nine-year-old child, he created the idea of SUNRUN and gave the idea to Cole, who he asserts he was dating and developing as a singer at the time, is baseless, particularly in light of claims Plaintiff has advanced in his numerous other complaints described below. Thus, the Court also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**C.   Litigation History**

Since April 19, 2021, Plaintiff has filed twelve similar actions in this Court: (1) *Allen v. Klein*, ECF 1:21-CV-3839, 4 (S.D.N.Y. May 18, 2021) (dismissing the complaint for failure to state a claim); (2) *Allen v. Almanazar*, ECF 1:21-CV-3838, 4 (S.D.N.Y. May 17, 2021) (dismissing the complaint for failure to state a claim and as frivolous and directing Plaintiff to show cause why he should not be barred from filing future actions IFP without first receiving permission from the Court); (3) *Allen v. Trimble*, ECF 1:21-CV-4299, 2 (S.D.N.Y. filed May 11, 2021) (complaint alleging that Plaintiff developed single Dej Loaf and invented Twitter and Instagram); (4) *Allen v. Tenev*, ECF 1:21-CV-4119, 2 (S.D.N.Y. filed May 7, 2021) (complaint alleging that, as a child, Plaintiff "thought about how Robin Hood the cartoon show should also be used for stock trading"); (5) *Allen v. Patton*, ECF 1:21-CV-4123, 2 (S.D.N.Y. filed May 7, 2021) (complaint alleging that Plaintiff had the idea for Uber); (6) *Allen v. Cole,* ECF 1:21-CV-

3450, 6 (S.D.N.Y. May 7, 2021) (dismissing the complaint and warning Plaintiff that vexatious or frivolous litigation may result in an order barring him from filing new actions IFP); (7) *Allen v. Patton*, ECF 1:21-CV-3434, 6 (S.D.N.Y. Apr. 30, 2021) (same); (8) *Allen v. Finley*, ECF 1:21-CV-3840, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented the business name "Aquafina"); (9) *Allen v. Thomas*, ECF 1:21-CV-3841, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's alleged creation of the name "GameStop"); (10) *Allen v. Patton*, ECF 1:21-CV-3457, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming William Wang, CEO of Vizio, as a third defendant); (11) *Allen v. Patton*, ECF 1:21-CV-3459, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Sundar Pichai of Google as a third defendant and also alleging that Plaintiff had the idea for Spotify); and (12) *Allen v. Patton*, ECF 1:21-CV-3468, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Amazon founder Jeff Bezos).

Based on this litigation history, by order dated May 17, 2021, the Court directed Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *Allen v. Almanazar*, ECF 1:21-CV-3838, 4 (S.D.N.Y. May 17, 2021). As of the date of this order, Plaintiff has not submitted a declaration. Thus, the Court again warns Plaintiff that continued vexatious or frivolous litigation in this Court may result in imposition of additional filing restrictions. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 1, 2021
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge